**671·15**

NO. PD. 0671-15    ORIGINAL

## IN THE COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS U.S.A.

RUBEN FERNANDEZ,
    Appellant-Petitioner,

VS.

THE STATE OF TEXAS
    Appellee~Respondent,

FILED IN
COURT OF CRIMINAL APPEALS

AUG 13 2015

Abel Acosta, Clerk

Appealed from the 180th District Court
Harris County, Texas
Trial Court Case No. 1360307
C.O.A No. 01-14-00334-CR

## PETITION FOR DISCRETIONARY REVIEW
## [WITH FEDERAL AUTHORITIES]

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 03 2015

Abel Acosta, Clerk

RUBEN FERNANDEZ
T.D.C.J. NO. 1922478
Petitioner PRO-SE
Assisted by the Jail House Lawyer
And Reporter of Human
Rights Violations in Texas
REYNALDO FLORES
T.D.C.J. no. 1912036
610 FM 624
Cotulla Texas, 78014

ORAL ARGUMENT REQUESTED

i

# IDENTITY OF THE PARTIES AND COUNSELS

Appellant, Petitioner — Mr. RUBEN FERNANDEZ

J.H. Lawyer For Petitioner — Mr. REYNALDO FLORES
T.D.C.J. No. 1942036

Counsel[s] Appointed to Secure Petitioner's Conviction at Trial — No Available information

Counsels For the State D.A. of Harris County Assistant D.A. at Trial — Mr. DEVON ANDERSON

Assistant D.A. on Appeal — No Available information

Counsel Appointed to Affirm Petitioner's Conviction on Appeal. — Mrs. MANDY MILLER

Trial Judge Presiding — Honorable:

Court of Appeals First District of Texas, Chief Justice — Honorable: SHERRY RADACK

Panel Per Curiam — TERRY JENNINGS.
REBECA HUDDLE
LAURA CARTER HIGLEY

JUSTICES

ii

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL.     ii

TABLE OF CONTENTS     iii

INDEX OF AUTHORITIES     iv

STATEMENT REGARDING ORAL ARGUMENT     1

STATEMENT OF THE CASE     2

STATEMENT OF PROCEDURAL HISTORY     3

GROUND FOR REVIEW OR QUESTION FOR REVIEW     4~7

I. GROUND FOR REVIEW OR QUESTION FOR REVIEW ONE
Violation of Petitioner's 4th, 5th and 6th Amends.
through the Exclusionary Rule, when a court impro-
perly admits evidence in violation of the Exclusio-
nary Rule the Court's Finding must be reversed.     4,5

II. GROUND FOR REVIEW OR QUESTION FOR REVIEW TWO
the State willfully used False evidence in an invidi-
ous-Selective-Vindictive Prosecution, violated
Petitioner's 5th and 14th Amends to the U.S. Cons-
titution and Article I Section 10 of the Texas
Constitution.     5,6,7

III. GROUND FOR REVIEW OR QUESTION FOR REVIEW THREE
Violation of Petitioner's 6th Amendment, which
provides that in all Criminal Prosecutions the
accused shall enjoy the right to have assistance
of counsel.     7

ARGUMENT     8~11

PRAYER FOR RELIEF     12

APPENDIX A~B     13

CERTIFICATE OF SERVICE AND COMPLIANCE     14

# INDEX OF AUTHORITIES

Ayers v. Belmontes, 549 U.S. 7 (2006) — 5

Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978) — 6

Brown v. U.S., 168 U.S. 532, 548 (1897) — 3

Brady v. Md., 373 U.S. 83 S.Ct. 1194 (1963) — 9

Brady v. U.S., 397 U.S. 742, 750 (1970) — 9

Campbell v. U.S., 686 F.3d 353, 360 (6th Cir. 2012) — 3

Castañeda v. Partida, 430 U.S. 482, 494 (1977) — 1

Cutler v. Sullivan, 446 U.S. 335, 338, 50 (1980) — 7

Deck v. Mo., 544 U.S. 622, 629, 634 (2005) — 3

Faretta v. California, 422 U.S. 806, 821 (1975) — 11

Floors v. Bexar Cnty. D.A., U.S. Appeal No. 14-50061 (5th Cir. 2014) — 1

Flores v. Patricia O. Alvarez, U.S.D.C. (S.D. TX) No. 2:14-cv-283 — 10, 11

Flores v. State, C.O.A No. 04-12-00815-CR- (San Antonio App. June 25th 2014) — 4, 10, 11

Franks v. Delaware, 438 U.S. 154, 155-56, 171-72 (1978) — 5

Gerstein v. Pugh, 420 U.S. 103, 113-14 (1975) — 5, 8

Holloway v. Ark., 435 U.S. 475, 484-85 (1978) — 7

Jordan v. State, 897 S.W.2d 909 (Ft. Worth App. 1995) — 9

Mapp v. Ohio, 367 U.S. 643, 654-55 (1960) — 3

Passmore v. State, 617 S.W.2d 681 (TX Crim. App. 1981) — 9

Ronald Watson v. State, 227 S.W.3d 446 (TX App. San Antonio 2007) — 6

Terrel v. State, 521 S.W.2d 618 (TX Crim. App. 1975) — 9

U.S. v. Hoover, 727 F.2d 387, 389 (5th Cir. 1984) — 5

U.S. v. Johnson, 584 F.3d 995, 999 (10th Cir. 2009) — 3

U.S. v. Reinhart, 357 F.3d 521, 530-31 (5th Cir. 2004) — 3

Waste v. U.S., 470 U.S. at 608 (1985) — 5

Wiggins v. Smith, 539 U.S. 510, 534-38 (2003) — 10

Yick Wo v. Hopkins, 118 U.S. 356, 373-74 (1886) — 5

# STATEMENT REGARDING ORAL ARGUMENT

Petitioner and his jailhouse lawyer respectfully request "Oral Argument," in this matter in order to preserve in Record the customary invidious, selective and ~~Selective Prosecution~~ Vindictive Prosecution, based on Petitioner racial profile and national origin; for which he was wrongfully convicted. In addition to customary policy to coerce the alleged victims; to testify in exchange to obtain their legal residence in the United States, the alleged victim is a Honduran Citizen, without any legal opportunity to regulate her immigration status, rather than the Violence Against Woman Act.

The Clerk's Record reflects, that Mr. FERNANDEZ never received the mandatory Gerstein Hearing, or any evidentiary Hearing which would demonstrate his innocence without the necessity to afford an infested jury trial full of trickery scheme and the customary deceptive practices in which Mr. FERNANDEZ was ambushed.

These evil practices sponsored by the State of Texas to deceit our society, tax payers and International financial institutions; reflected in an unpayable national debt and Social Convulsion demand immediately relief, in order to prove that Petitioner's Conviction is just one more of millions of victims that represent the bulk of political prisoners. e.g. Flores V. Bexar Cnty DA, etal. U.S. Appeal NO. 14-50061, Remanded from Certiorari on July 16, 2015, Raising the Doubtality of the Texas Judicial System to obtain Convictions.

2. <u>Castañeda V. Partida</u>, 430 U.S. 482, 494 (1977) A court may infer a prima facie case for intentional discrimination if a defendant show: (1) the degree of underrepresentation by comparing the proportion of the grove in the total population to the proportion called to serve as grand jurors over a significant period of time; (2) that the selection procedures were susceptible to abuse or were not racially neutral.

# STATEMENT OF THE CASE

Appellant Ruben Fernandez, was Falsely charged with sexual assault, based in the Customary fabricated statements of the alleged victim, in disregard for his due process of Law. Without any scientific evidence; DNA, or SANK EXAM, that involve Mr. Fernandez in said offense; Petitioner was ambushed, by the State, trial Court, appointed Counsel and the false statement of Houston police officers, in Conjunction with the fabricated victim, native from Honduras; Central America who in exchange to obtain her legal residence in the United State, willfully-falsely testified against petitioner, resulting in the outrageous[2] 12 years Conviction. The trial Court appoint the Conspirator appellate Counsel, Mandy Miller to affirm, petitioner Conviction raising no reversible constitutional error as requires Rule 44.2 tex. R. App. Proc.

This Wrongful~Conspiratorial Conviction is based in mere rules and Texas statutes, in gross violation to Mr. Fernandez' Bill of Rights.

---

2. In absence of Record the Memorandum Opinion will be Cited as M.O.

## STATEMENT OF PROCEDURAL HISTORY

On September 25, 2015, the Conspirator appointed appellate Counsel, Mandy Miller, Filed her Brief on State's behalf, Lacking any reversible Constitutional error or even Federal Authorities. Campbell V.U.S.; 686 F.3d 353, 360 (6th Cir. 2012); U.S. V. Reinhart, 357 F.3d 521, 530-31 (5th Cir. 2004). Counsel's Failure on Appeal to raise Trial Court's Sentencing error, was ineffective assistance because error increased defendant's sentence 5 years.

Petitioner never received any Copy of the State Brief. However on or about October 20th, 2014, Mr. Fernandez, through his J.H. Lawyer, Reynaldo Flores timely Filed an Objection to the Brief Filed by Conspirator Counsel Mandy Miller, raising among other grounds, Due Process Clause Violation, Conflict of interest, Failure to investigate Facts, Under 6th Amendment Violation and Exclusionary Rule Violation. Mapp V. Ohio, 367 U.S. 643, 654-55 (1960); Bram V. U.S., 168 U.S. 532, 548 (1897); U.S. V. Johnson, 584 F.3d 995, 999 (10th Cir. 2009); Deck V. MO., 544 U.S. 622, 629, 634 (2005). Under the exclusionary rule, evidence obtained in Violation of the 4th, 5th and 6th Amendments may not be introduced at trial as evidence to support a defendant's guilt.

The Court of appeals in disregard for Petitioner's 6th Amendment and acting in Criminal Cahoot with the State and the Conspirator Mandy Miller, Concealed Petitioner's Objection to Miller's Brief, in Order to affirm this outrageous Conviction, on April 30th 2015.

On or about May 29th, 2015, this Court Granted Petitioner's Motion For Extension of time to File P.D.R.

3

## GROUND FOR REVIEW OR QUESTION FOR REVIEW ONE

Under the Exclusionary Rule, evidence Obtained in violation of the 4th, 5th or 6th Amendments may not be introduced at trial to support a defendant's guilt. This case is based on a deliberate and reckless false Affidavit given by the alleged victim, and tampered by both Houston Police Officers H. Trinh and E. Alejandro (M.O.; PA.# 4) and Confirmed Tiffani DuSang, the forensic Nurse, examined "I did not find trauma to the complainant's vaginal area" or event visible bruises or traumas on other members as the complainant states." She was dragged accross the ground and left her lying in the ground. After such brutality and alleged sexual assault by forcible insertion of two fingers in her vagina (M.O.; PA.# 5) would be fair to conclude that some trauma was left as result of the crime, otherwise any rational fact finder would conclude that this allegation is just one more of thousands of false allegations fabricated by the state in criminal cahoot with appointed counsels and trial courts.

On Appeal No. 04-12-00815-CR Styled Flores V. the State of Texas, the alleged victim in exchange to regulate her immigration status,[2] agreed with the state and the sex offender, San Antonio Police Detective R. Vara to kidnap, torture, embezzle Mr. Flores; assets and company and later indict and try him, with the same trickery and scheme of the two RAPER FINGERS, even though the gross offensive egregious conduct and false testimony of fabricated witnesses and preselected ignorant jurors, Mr. Flores entrapped his trial counsel and prosecutor in their own devise and subsequent acquittal, of aggravated kidnapping and double jeopardy charge of sexual assault.

[2] Maura Rubio Sanchez, D.O.B. 10.14.84 agreed with the Prosecutor Christopher W. Demartino, SAPT No. 0565 4300 to falsely charge and testify against Mr. Flores in 2012 CR 1964 to Agg. kidnapping and sexual assault.

4

As aforementioned and litigated in several false convictions on appeals and habeas proceedings by; the political prisoner and reporter of civil-human rights violations Reynaldo Flores. Mr. Fernandez' conviction is the result of egregious conduct of the state, lacking any probable cause or reasonable suspicion to arrest-confine-indict and tried the petitioner. There is nothing in the record, scientific evidence DNA or credible witnesses, suggesting that Mr. Fernandez sexually assaulted the complainant, rather than the perjured testimony of the same false witnesses, Houston Police Officers. Franks V. Delaware, 438 U.S. 154, 155-56, 171-72 (1978) in a sexual assault case Mr. Jerome Franks was arrested pursuant a search warrant the police believed to be valid, but was later found to be defective for lack of probable cause.

Gerstein V. Pugh 420 U.S., 103, 113-14 (1975) addressing the mandatory hearing within 48 hours.

The clerk's record would show that Mr. Fernandez never received any hearing and was clearly ambushed by the state, appointed counsel, and trial court.

## GROUND FOR REVIEW OR QUESTION FOR REVIEW TWO

Selective Prosecution. Prosecutions that are deliberately based on defendant's race, religion or other arbitrary classifications, including a defendant's choice to exercise protected legal rights, can constitute equal protection violations. Selective prosecutions claims are judged according to "ordinary equal protection standards. Wayte V. U.S. 470 U.S. at 608 (1985), Meaning discriminatory purpose and discriminatory effect. Yick Wo V. Hopkins, 118 U.S. 356, 373-74 (1886); U.S. V. Hoover, 727 F.2d 387, 389 (5th Cir.(1984)); Ayers V. Belmontes, 549 U.S., 7 (2006) Prima facie case of discriminatory intent when police officers who referred case for federal prosecution wore insulting T-shirts with defendant's picture during arrest and sent racially motivated postcard in prison.

5

__Vindictive Prosecution__, the Due Process Clause prohibits a Prosecutor from using Criminal charges in an attempt to penalize a defendant's valid exercise of Constitutional rights. __Bordenkircher v. Hayes__, 434 U.S. 357, 363 (1978) [4]

Mr. Fernandez, in the free exercise of his Bill of rights, voluntarily agreed with the Complainant, after work, to eat dinner at a restaurant, as in many occasions during one year period; whether or not they had a well established relationship.

After a course of hours the Complainant wanted to leave after consumed alcoholic beverages at dinner. (M.O., PP #3)

there is no evidence to support the Complainant reckless-false statements and Affidavit; but the agreement with the State to regulate her immigration status in exchange to convict Mr. Fernandez.

The undeniable violation of Petitioner's due process is the denial to his Mandatory evidentiary hearing and Criminal Cahoot between both trial counsel and the State; resulting in the expected conspiratorial conviction.

The evidences, willfully compelled by the State such as, the footage and witnesses at the restaurant would demonstrate the falsety of the charges and the level of intoxication of the alleged victim and irrational statement of the assault allegedly occurred on the ground Outside of the truck. (M.O., PP.4) Clearly fabricated statement and Police report written and tampered by officer; E. Alejandro, who also testified against Mr. Fernandez, based on hearsay, without any witness to corroborate the circumstances as requires Art. 38.14 To C.C.P. __Ronald Wilson V. State__ 227 S.W. 3d 446 [Tx App. San Antonio 2007]

---

4. To Punish a Person, because he has done what the law plainly allows him to do, is a due Process violation of the most basic sort.

6

In _Wilson_, the detective in charge recognized that he falsely planted evidence to arrest the defendant and involve him in a murder case, resulting in 25 years conviction.

## GROUND FOR REVIEW OR QUESTION FOR REVIEW THREE

Conflict of Interest. Ineffective assistance of counsel may result from an attorney's conflict of interest. _Strickland V. Washington_, 466 U.S. 668, 692 (1984) right to effective assistance of counsel impaired when defense counsel operates under a conflict of interest because, "Counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties"

In _Cuyler V. Sullivan_, the Supreme Court ruled that a defendant can demonstrate a Sixth Amendment violation by showing that (1) counsel was actively representing conflicting interests. 446 U.S. 335, 338-50 (1980) and (2) the conflict had an adverse effect on specific aspects of counsel's performance. _Cuyler_, 446 U.S. at 348.

The trial court ~~matter~~ and appellate court failed to inquire into conflict of interest after Mr. Fernandez and his J.H. lawyers Postrial Warnings, violated right to effective assistance of counsel, because the First Court of Appeals, has duty to avoid potential conflict. In response to several complaints and objections the Court of Appeals refused to strike the brief filed by the appointed counsel; Mandy Miller, on State's behalf, alleging no reversible error and confirming that Mr. Fernandez was not represented by counsel at trial. And because the two prongs _Cuyler test_ are satisfied in this case and there is no evidence that the petitioner was represented by counsel at trial and on appeal - there is enough merit to reverse this gross egregious conviction. _Holloway V. Ark._, 435 U.S. 475, 484-85 (1978) e.g. Appendix B.

7

# ARGUMENT

## Exclusionary Rule And Gerstein Hearing.

A criminal defendant may encounter at least three types of pretrial proceedings: (1) A Gerstein Hearing; (2) an initial appearance Hearing; and; (3) a Preliminary Hearing. See Gerstein V. Pugh, 420 U.S. 103, 123-24 (1975) States may Combine Gerstein Hearing with initial appearance or Preliminary Hearing.

The purpose of a Gerstein is to review a Police determination that Probable Cause existed to make an arrest. In Gerstein v. Pugh, the Supreme Court held that "the Fourth Amendment requires a Judicial determination of Probable Cause as a Pre-requisite to extended restraint of Liberty following arrest. The accused is entitled to a Gerstein Hearing Prior to being detained without bond or otherwise detained and experiencing a significant restraint of Liberty.

The evidence reflects that Mr. Fernandez, was arrested without Probable Cause, reasonable suspicious or valid Warrant and once confined Coerced to Plea, auto without hearing, and falsely indicted with the customary double Jeopardy charges mitigating evidence or Cross examine the false witnesses and alleged victim.

Because the State acting in Criminal cahoot with the trial Court and the Unknown trial Counsel violated Petitioner's Exclusionary Rule through the 4th, 5th and 6th, Amendments, this Court of Criminal Appeals should Sustain Petitioner's first ground and Reverse this Conviction.

## Due Process clause Violation

Discovery: Art. 39.14 T.C.C.P provides that the defense is entitled to inspection and Copying of all the items and State's Possession including Police report and has the right to have his own

8

expert. Terrel V. State, 521. S.W. 2d 618 (TX Crim App. 1975) The State's witnesses and their Criminal record are subject to discovery, Passmore V. State, 617. S.W. 2d 681 (TX Crim App. 1981). e.g. Michael Morton Act.

Mr. Fernandez, never received any discovery packet or access to his own expert, but the continuous threat to convict him regardless his innocence.

The Police report and false statements, would demonstrate in an evidentiary hearing that Mr. Fernandez was ambushed by the state and trial counsels.

Work Product privilege will not shield the State from the requirement that exculpatory evidence or mitigating evidence be disclosed, Jordan V. State 897. S.W. 2d. 909 (Ft Worth App. 1995)

Act. V. of the U.S. Constitution, requires disclosure of exculpatory evidence and mitigating evidence under the doctrine in Brady V. Md. 373 U.S. 83, S.Ct. 1194 (1963)

The well known practice of the State to threat to harm the defendants and their families is clear established in this case. As reflected on petitioner conviction. Brady V. U.S 397 U.S. 742 750 (1970) State may not induce guilty plea by threatening defendant with physical harm or by mental coercion overbearing defendants will.

Because this is one more or thousand of cases in which the State by any mean or deception is deceiving out scorers and tax payers and specifically using the false witness and alleged victim in exchange to regulate her immigration status for petitioner conviction. An evidentiary hearing and disclosure of evidence is necessary to prove the criminal operation of the State of Texas and gangsters, otherwise this Court Should Reverse this conviction ordering the immediately release of petitioner from captivity.

9

# RIGHT TO COUNSEL

_Scope and Application_. the 6th Amendment provides that in all criminal prosecutions, the accused shall enjoy the right to have assistance of counsel for his defense, not to entrap him, and convict him, which is a custom and policy in state courts. e.g., _Flores v. State_, C.O.A. No. 04-12-00825-CR, (San Antonio-June 25, 2014) maliciously, no published. the appointed trial counsel, George A. Eastland, SBOT# 24050547, without any shame, openly states in R.R. Vol. V, pp. 38-40 "I would like to convict my client to the three counts to the indictment."

the _Mandate opinion_. Seems to ignore that the petitioner afforded both trial and appeal without defense counsel, as confirmed by the same Appellate court in the entire record. And once Mr. Fernandez tried to strike the conspiratorial brief on state's behalf, instead to discharge their duties as require Article 2.10 T.C.C.P., said Appellate Court and Justices in criminal cahoot, with said Appellate Counsel, Proceeded with the malicious brief to insure the petitioner. See, _Flores v. Patricia O. Alvarez_, 4th Court of Appeals, Justices et al. U.S.D.C. S.D.TX No. 2:14-CV-283, raising the customary cahoot of appellate courts and State e.g. Appendix B

there is no evidence or hearing to quash the double-Jeopardy Indictment or every any motion to suppress the false evidence and statements furthermore a Motion for New Trial (Mo., pp.#8) _Wiggins v. Smith_, 539 U.S. 520, 534-38 (2003) Counsel failure to confront Jury with considerable mitigating evidence was ineffective assistance of counsel.

Because the prongs enunciated in _Strickland_ are clearly demonstrating Prejudice otherwise the outcome of the trial and appeal would be different. _Strickland_, 466 U.S. at 687, 104 S.Ct. at 2064

If there is no developed record on direct appeal, the burden is on the appellate counsel, not on Mr. Fernandez, as the same court of appeals ruled on appellant's motion on December 17th 2014.

"Appellant's counsel shall represent the appellant until "appellant be entrapped" or appeal is exhausted or the attorney collects her bonus or the attorney is relieved or her conspiratorial duties with the state by the court". Flores V. Fourth Court of Appeals et al Supra (D.F. 25) The mandate has not issued. Accordingly appellant must to wait until be entrapped e.g. Appendix B

In absence or relief on Plan Mr. Fernandez; prose motions on appeal, he is entitled to prose representation, that was the relief sought on Appellant's motions. The court of appeals failed to set a hearing to protect a clear, established Sixth Amendment right to conduct his own representation in a criminal case. Farella V. California 422 U.S. 806. 821 (1975).

On April 15th 2013, in Flores V. State, 04-12 00815-CR the appellant demonstrated that the appointed appellate counsel Denis Callahan, SBOT #3651700 no solely, as an incompetent but also an insane alcoholic, who acting in cahoot with the state had injured thousands of innocents and their families and later the appellant discovered that the appellant's briefs in Texas are written by the same prosecutors. This is exactly Mr. Fernandez case.

For the aforementioned reasons and because Mr. Fernandez, was not represented by counsel, in clear violation to his 6th Amendment right of counsel for his defense and denial of Pro se representation, this court should sustain this ground, reverse this conviction. Ordering petitioner release from captivity.

11

## PRAYER FOR RELIEF

Pursuant the holding in Johnson v. Avery, Petitioner, Ruben Fernandez, who lacks reading and writing skills, files this P.D.R. by and through his Jail Lawyer and Reporter of Civil and Human Rights violations in Texas, the political Prisoner, Reynaldo Flores; praying this Court of Criminal Appeals of Texas to Reverse this outrageous Conspiratorial Conviction Ordering the immediately release of Mr. Ruben Fernandez From Captivity.

On Petitioner's behalf.

_____
Jail Lawyer & Reporter
of Civil & Human Rights
violations in Texas
Reynaldo Flores.
#1912036
610 FM 624
Cotulla Texas, 78014

12

# APPENDICES

Appendix A.            First Court of Appeals
                       District of Texas.
                       MEMORANDUM OPINION.

Appendix B             Denial of Motion to
                       Strike Brief and
                       Denial of Pro Se Represen
                       tation.

## CERTIFICATE OF SERVICE & COMPLIANCE

I, Reynaldo Flores, pursuant the Supreme Court holding in Johnson v. Avery. 393 U.S. 483, (1969) certify that on this the 29th day of July 2015, a truly and correct copy of the foregoing "Petition for Discretionary Review" was timely transmitted and filed pursuant prison Mail Box Rule, (Houston v. Lack 487 U.S. 266, 276 (1988)) to the Clerk, Abel Acosta, Court of Criminal Appeals of Texas, P.O. Box 12308 Capitol Station, Austin, Texas 78711. Via U.S. Postal Service First Class, Pursuant to 28 U.S.C. § 1746

On Petitioner's behalf


_____

Reynaldo Flores
# 1912036
Ruben Fernandez
# 1922478
610 FM 624
Cotulla TX, 78014

14



In The

# Court of Appeals

For The

# First District of Texas

---

## NO. 01-14-00334-CR

---

**RUBEN FERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

On Appeal from the 180th District Court
Harris County, Texas
Trial Court Case No. 1360307

---

## MEMORANDUM OPINION

Appellant Ruben Fernandez was charged by indictment with sexual assault, enhanced by a prior felony conviction. A jury found Fernandez guilty. Fernandez pleaded true to the enhancement allegation, and the trial court sentenced him to 12 years' confinement. On appeal, Fernandez raises two points of error: (1) his trial

*C. 2., Appendix A*

counsel rendered ineffective assistance, and (2) the trial court abused its discretion by preventing him from impeaching the complainant in violation of the Confrontation Clause. We affirm.

## Background

The complainant began working for Fernandez's air conditioning repair company in December 2010. She testified at trial that approximately one year later, Fernandez's personality and behavior changed and he began looking at her in a sexual way.[1] According to the complainant, Fernandez told her that he liked her, liked the way that she worked, and wanted "something" with her. But the complainant, who was married, did not want a relationship with Fernandez and made that clear to him.

The complainant recalled a specific instance in which Fernandez placed his hand on her leg and told her that he would give her "some money" if she let him touch her. Because this made her feel uncomfortable, she did not go to work for a week after that incident. She returned to work because she liked the job and Fernandez promised not to touch her again. Although Fernandez did not touch her again, he frequently talked about sex, which made her uncomfortable.

On May 23, 2012, Fernandez asked the complainant to assist with a job. Fernandez picked the complainant up from her home and drove her to the job site.

---

[1] Because the complainant does not speak English, a certified interpreter translated her testimony at trial.

She testified that she was the only person assisting Fernandez. While working, Fernandez drank two to three beers. After work, they stopped to eat dinner at a restaurant. Fernandez parked his truck in a spot far from the restaurant even though there were available spots closer to the restaurant's entrance. The complainant testified that Fernandez consumed approximately eight beers and that she consumed two alcoholic beverages at dinner. After a couple of hours, the complainant wanted to leave, but Fernandez wanted to keep drinking.

Once they returned to Fernandez's truck, Fernandez told the complainant that he wanted to touch her and have sex with her. The complainant testified that while they were in the truck, Fernandez grabbed her, asked if he could touch her, and offered her money. He also grabbed her purse and told her that she "need[ed] to let [him] touch [her]." The complainant testified that she was "very scared." Fernandez took her purse, grabbed her by the arms, and continued to struggle with her as she told him she wanted to exit the truck. But Fernandez did not stop touching her and told her that she was "not going to go." The complainant testified that as they struggled, her shoulder was pushed against the door, and Fernandez placed his hand down her pants and inserted his fingers in her vagina. She tried to pull his hand out of her pants and told him to let go of her.

The complainant testified that when she was finally able to open the truck's door, she fell to the ground. Because Fernandez was pushing the complainant

3

against the door, he also fell and landed on top of her. Fernandez quickly stood up, returned to the driver's side of the truck, and drove away while the complainant was lying face down on the ground.

Officer H. Trinh of the Houston Police Department testified that the complainant was crying and upset when he arrived at the scene that night. Because he could not communicate with the complainant in English, he requested that dispatch send a Spanish-speaking officer to assist him. Officer E. Alejandro of the Houston Police Department arrived and translated for the complainant and Officer Trinh. Officer Trinh wrote his report based on Officer Alejandro's translations.

Officer Alejandro testified that when she arrived at the scene, the complainant was crying, shaking, and in distress. On cross-examination, she agreed with Fernandez's counsel that the complainant told her that she had consumed only one alcoholic beverage and that Fernandez had offered her extra money to touch her breasts. Officer Alejandro also testified that the complainant told her that the assault occurred on the ground outside of the truck and that the police report states that Fernandez placed his fingers in the complainant's vagina when she was on the ground outside of the truck.

Tiffani Dusang, a forensic nurse examiner, testified that she conducted a sexual assault examination on the complainant. During her examination, Dusang did not find trauma to the complainant's vaginal area, but she testified that it is

4

"common not to find trauma" from digital penetration. Dusang's report noted that the complainant had blue or red bruises, and Dusang testified that the color indicated the bruises were "newer" and consistent with being grabbed. Her report also noted that the complainant was "tearful" during the examination.

Dusang also testified regarding what the complainant reported to her. The complainant told Dusang that Fernandez attempted to touch the complainant's breasts and vaginal area. When she told him no, they struggled and he placed two fingers in her vagina. Dusang also testified that the complainant told her that when she fell to the ground, Fernandez took her purse, dragged her across the ground, and left her lying on the ground.

Officer J. De Los Santos of the Houston Police Department, who worked in the homicide/sex crimes division at the time of the complainant's assault, interviewed the complainant a week after the assault. He testified that she was "a little distraught" and upset during the interview. On cross-examination, Fernandez's counsel asked De Los Santos a series of questions regarding statements the complainant made at the scene. After the State lodged hearsay objections, the trial court held a bench conference. The trial court ruled that Fernandez's counsel could not elicit the complainant's prior inconsistent statements because Fernandez had not asked the complainant about her statements to De Los Santos and provided her the opportunity to explain or deny them.

5

Fernandez's counsel stated that he would recall the complainant. Later that day, two interpreters were made available to interpret for the complainant, but Fernandez's counsel declined to recall the complainant and rested.

## Ineffective Assistance of Counsel

In his first point of error, Fernandez contends that his trial counsel rendered ineffective assistance by failing to impeach the interpreter and the complainant.

### A.     Standard of Review and Applicable Law

Both the federal and state constitutions guarantee an accused the right to have the assistance of counsel. *See* U.S. CONST. VI; TEX. CONST. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (West Supp. 2014). The right to counsel includes the right to reasonably effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). Both state and federal claims of ineffective assistance of counsel are evaluated under the two prong analysis of *Strickland. Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

The first prong requires the appellant to demonstrate that counsel's performance was deficient, meaning that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The second prong requires the appellant to show that counsel's deficient performance prejudiced the defense. *Id.*

6

To establish prejudice, the appellant must prove there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). Unless an appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813; *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). On direct appeal, a reviewing court will rarely be able to fairly evaluate the merits of an ineffective-assistance claim because the record on direct appeal is usually undeveloped and inadequately reflective of the reasons for defense counsel's actions at trial. *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007). The lack of a clear record usually will prevent the appellant from meeting the first prong of *Strickland*, as the reasonableness of counsel's choices and actions during trial can be proven deficient only through facts that do not normally appear in the appellate record. *Id.*

In order for an appellate court to find on direct appeal that counsel was ineffective, counsel's deficiency must be affirmatively demonstrated in the trial record. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). When the record is silent as to counsel's reasons for his conduct, finding counsel ineffective

7

would call for speculation by the appellate court. *Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd). An appellate court will not speculate about the reasons underlying defense counsel's decisions to find counsel ineffective. *Id.*; *Jackson*, 877 S.W.2d at 771. If appellant does not file a motion for new trial or request a hearing, or if counsel does not appear at the hearing, an affidavit from trial counsel becomes almost vital to the success of an ineffective assistance claim on direct appeal. *Stults*, 23 S.W.3d at 208–09.

## B.     Analysis

First, Fernandez contends that his counsel should have cross-examined and impeached the interpreter after he alerted his counsel that the interpreter made incorrect translations. During a recess from the complainant's direct testimony, Fernandez's counsel notified the trial court that Fernandez disagreed with the interpreter's translations, arguing that the interpreter was translating in "gist form." Specifically, Fernandez believed that the complainant's statement that Fernandez "offered to pay [the complainant] money" was incorrect and that the complainant said that "he offered to pay [the complainant] a hundred dollars." The interpreter repeated the question to the complainant and again translated her testimony as "money." The interpreter also told the trial court that she translated the complainant's responses "verbatim."

8

Second, Fernandez contends that his trial counsel was ineffective in not impeaching the complainant with inconsistent statements she had made to Officer Alejandro at the scene. Specifically, Fernandez faults his trial counsel for not impeaching her with discrepancies between her trial testimony and statements she had made to Officer Alejandro at the scene regarding (1) how many alcoholic beverages she had consumed, (2) whether she was inside or outside of the truck when Fernandez touched her vagina, and (3) how she opened the truck door. Fernandez's trial counsel did seek to discuss the inconsistent statements while cross-examining Officer De Los Santos. However, the trial court ruled that Fernandez's trial counsel could not question Officer De Los Santos about the complainant's prior statements without first allowing the complainant to explain or deny the statements. Fernandez's trial counsel then stated that he would recall the complainant, presumably to lay the proper predicate for impeachment. Later, however, Fernandez's trial counsel stated on the record, but without offering any reason, that he had decided not to recall the complainant. Fernandez's trial counsel thus never questioned the complainant about any prior statements. According to Fernandez, his trial counsel rendered ineffective assistance by failing to impeach the interpreter and the complainant. We disagree.

Here, the record does not reveal the reasons or motives underlying Fernandez's trial counsel's challenged actions. Because the record is silent as to

9

why counsel chose not to impeach the interpreter regarding the correctness of her translation or the complainant regarding her prior inconsistent statements, we may not assume that his decisions are not attributable to sound trial strategy. *See Thompson*, 9 S.W.3d at 814 (holding that appellant failed to rebut presumption that counsel's decision was reasonable because record was silent as to why counsel failed to object to State's attempt to elicit hearsay). Moreover, the courts of appeals, including this one, have reasoned that failure to impeach could be part of a reasonable strategy. *See Davis v. State*, 276 S.W.3d 491, 502 (Tex. App.—Waco 2008, pet. ref'd) (recognizing counsel's decision not to impeach witnesses may be "sound trial strategy"); *Tadych v. State*, No. 01-06-00620-CR, 2007 WL 4465572, at *4 (Tex. App.—Houston [1st Dist.] Dec. 20, 2007, pet. ref'd) (mem. op., not designated for publication) ("Because there is no evidence of trial counsel's strategy in not seeking to impeach [witness], appellant cannot prevail unless there is no conceivable strategy as a matter of law. We may not speculate on why counsel acted as she did, and we do not conclude as a matter of law that no strategy could exist."); *Sims v. State*, 807 S.W.2d 618, 624 (Tex. App.—Dallas 1991, pet. ref'd) ("[W]e cannot say that failure to attempt impeachment was not sound trial strategy."); *Harris v. State*, No. 01-88-00991-CR, 1990 WL 39468, at *4 (Tex. App.—Houston [1st Dist.] Apr. 5, 1990, pet. ref'd) (not designated for publication) (holding that failure to bring up inconsistent testimony and impeach witness may

10

be sound trial strategy because attempting to impeach may have been "more harmful" than beneficial to appellant).

Because Fernandez has not shown that his trial counsel's actions at trial were "so outrageous that no reasonable competent trial attorney would have done likewise," and the record is silent as to trial counsel's strategy, we presume counsel's conduct was reasonable and professional. *See Mata*, 226 S.W.3d at 433; *see also Stults*, 23 S.W.3d at 208; *Jackson*, 877 S.W.2d at 771. Accordingly, we hold that Fernandez failed to satisfy the first prong of *Strickland*.

We overrule Fernandez's first point of error.

### Evidentiary Ruling

In his second point of error, Fernandez contends that the trial court abused its discretion by sustaining the State's hearsay objection and not allowing Officer De Los Santos to testify about the complainant's prior inconsistent statements. Fernandez contends that this violated his constitutional right to cross-examine the State's witnesses, in violation of the Confrontation Clause.

### A.    Standard of Review and Applicable Law

We review a trial court's decision on the admissibility of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). Likewise, we review a trial court's decision to limit cross-examination under an abuse of discretion standard. *Mims v. State*, 434 S.W.3d 265, 271 (Tex.

11

App.—Houston [1st Dist.] 2014, no pet.); *Ho v. State*, 171 S.W.3d 295, 304 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (citing *Love v. State*, 861 S.W.2d 899, 903 (Tex. Crim. App. 1993) (en banc)). There should be "reluctance on the part of an appellate court to reverse trial court decisions which admit or exclude evidence." *Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990); *Harris v. State*, 152 S.W.3d 786, 793 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

A party may impeach a witness with evidence of a prior inconsistent statement if the party first presents the witness with the existence of the statement, the details and circumstances surrounding the statement, and gives the witness the opportunity to explain or deny the statement. TEX. R. EVID. 613(a). To be admissible under Texas Rule of Evidence 613(a), a prior statement must be inconsistent with the one given at trial. *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002). "If a party fails to establish this predicate, the trial court should sustain an objection to extrinsic proof of the prior inconsistent statement." *Madry v. State*, 200 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (citing *Ferguson v. State*, 97 S.W.3d 293, 296 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd)). Thus, before a witness may be impeached, she must be informed of the statement's content, the time and place at which it was made, and the person to whom it was made. *Harris v. State*, 152 S.W.3d 786, 795 (Tex.

App.—Houston [1st Dist.] 2004, pet. ref'd) (citing *Flores v. State*, 48 S.W.3d 397, 404 (Tex. App.—Waco 2001, pet. ref'd)).

## B. Analysis

### 1. Failure to lay proper predicate under Rule 613

The State argues that the trial court did not err in denying Fernandez's attempt to elicit testimony from Officer De Los Santos regarding the complainant's prior inconsistent statement because Fernandez did not lay the predicate required by Texas Rule of Evidence 613. We agree.

Fernandez's counsel attempted to elicit testimony contradicting the complainant's testimony about how many alcoholic beverages she consumed, whether Fernandez assaulted her inside or outside the truck, and how the truck's door opened. But the trial court did not allow the testimony, noting that in order to impeach the complainant, counsel had to "ask certain statements and give the complainant an opportunity to confirm or deny that." Fernandez's counsel did not recall the complainant to examine her about the prior statements.

Under Rule 613, Fernandez had to lay the proper predicate before he could introduce extrinsic evidence of the complainant's prior inconsistent statement to Officer De Los Santos. *See* TEX. R. EVID. 613(a). During cross-examination, Fernandez's counsel asked the complainant, "At some point you are able to open the door and you testified that you fell out of the truck onto the parking lot,

13

correct?" and she responded "Yes." The complainant also testified during cross-examination that she consumed two alcoholic beverages and that Fernandez placed his fingers inside her vagina while she was inside the truck. But Fernandez's counsel did not ask the complainant any questions regarding statements she made to Officer De Los Santos. Accordingly, we conclude that Fernandez failed to lay the proper predicate under Rule 613 and that the trial court did not abuse its discretion in refusing to allow Fernandez to cross-examine Officer De Los Santos regarding any alleged prior inconsistent statement by the complainant. *See Madry*, 200 S.W.3d at 770 (holding that trial court did not abuse its discretion because defendant failed to lay proper predicate for introduction of police officer's prior inconsistent statement where appellant did not confront witness with prior statement or summarize contents of statements); *Osteen v. State*, 61 S.W.3d 90, 91 (Tex. App.—Waco 2001, no pet.) (holding that defendant failed to lay proper predicate for admission of a prior inconsistent statement where defendant did not tell complainant the contents of allegedly inconsistent statement or afford her an opportunity to explain or deny statements).

### 2. Failure to preserve Confrontation Clause claim

Fernandez also contends that the trial court violated his rights under the Confrontation Clause. We agree with the State that Fernandez failed to preserve this issue for appeal.

14

Ordinarily, to preserve error, there must be a timely, specific objection and an adverse ruling by the trial court. TEX. R. APP. P. 33.1. Even constitutional error may be waived by failure to object at trial. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). A defendant waives his constitutional right to confront witnesses if he does not timely object to testimony on that ground. *See Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991); *Campos v. State*, 186 S.W.3d 93, 98 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Here, Fernandez argued that Officer De Los Santos's testimony about the complainant's alleged prior inconsistent statements was admissible to impeach the complainant. But Fernandez never informed the trial court that precluding impeachment through Officer De Los Santos would constitute a violation of the Confrontation Clause. Therefore, his argument did not put the trial court on notice of a complaint under the Confrontation Clause. *See Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009) (to preserve complaint, party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it"). Accordingly, we conclude that Fernandez failed to preserve his Confrontation Clause claim. *See Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) ("When a defendant's objection encompasses complaints under both the Texas Rules of Evidence and the Confrontation Clause,

15

the objection is not sufficiently specific to preserve error."); *Fortunato v. State,* No. 01–07–00066–CR, 2008 WL 1827910, at *3 (Tex. App.—Houston [1st Dist.] April 24, 2008, pet. ref'd) (mem. op., not designated for publication) (Confrontation Clause complaint not preserved because appellant argued at trial only that evidence was admissible to impeach credibility and therefore did not put trial court on notice of violation of Confrontation Clause); *Perry v. State,* 236 S.W.3d 859, 864 (Tex. App.—Texarkana 2007, no pet.) (requiring that a "party clearly articulate that the Confrontation Clause demanded admission of the evidence to allow the trial court to rule on the issue" in order to preserve Confrontation Clause argument on appeal).

We overrule Fernandez's second point of error.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

16

SHERRY RADACK
  CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
JIM SHARP
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
  JUSTICES



CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700
FAX:    713-755-8131

www.txcourts.gov/1stcoa.aspx

# Court of Appeals
# First District
### 301 Fannin Street
### Houston, Texas 77002-2066

December 17, 2014

Ruben Fernandez
TDCJ #1922478
Cotulla Unit
610 FM 624
Cotulla, TX 78014

Mandy Goldman Miller
2910 Commercial Ctr. Blvd., Ste. 103-201
Katy, TX 77494
* DELIVERED VIA E-MAIL *

**RE:**     **Court of Appeals Number:** 01-14-00334-CR
            **Trial Court Case Number:** 1360307

**Style:** Ruben Fernandez v. The State of Texas

This is to acknowledge your communication received December 15, 2014, with reference to your direct appeal. Please be advised that the current status of your appeal is:

> Appellant's counsel shall represent the appellant until "appeals are exhausted, or the attorney is relieved of his duties by the court." TEX. CODE CRIM. P. art. 26.04(j)(2). Our mandate has not issued. Accordingly, appellant is still represented by court appointed counsel on appeal. Appellant is not entitled to "hybrid representation." *See, e.g., Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007). Pro se motions/correspondence filed by appellant will be forwarded to the attorney of record. Appellant's counsel is ordered, to the extent he may not have already done so, to satisfy his certification obligation pursuant to TEX. R. APP. P. 48.4.

Very truly yours,

/s/ Christopher A. Prine

Christopher A. Prine
Clerk of the Court

cc:   Alan Curry (DELIVERED VIA E-MAIL)
      Kathryn Davis (DELIVERED VIA E-MAIL)

*C.A. Appendix B*

RUBEN FERNANDEZ
T.D.C.J. No. 1922478
CATULLA UNIT
610 FM 624
CATULLA TX 78014

SAN ANTONIO TX 780
FRI 31 JUL 2015 PM

CLERK HOFC
COURT OF CRIMINAL
OF TEXAS
P.O. BOX 12308
CAPITOL STATION
78711